UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JULIE A. WADDINGTON, | ) |
| Plaintiff, | ) No. 14cv42 EJM |
| vs. | ) |
| | ) ORDER |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for disability benefits under Title II of the Social Security Act, 42 U.S.C.§ 416, 423. Briefing concluded September 16, 2014. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded.

Plaintiff asserts the Administrative Law Judge (ALJ) failed to give proper controlling weight to the opinion of plaintiff's treating physician, which was uncontradicted by any other treating physician. Plaintiff asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision…Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992).

The ALJ found that plaintiff suffered from obesity, osteoarthritis, fibromyalgia, degenerative changes in the lumbar spine and right shoulder, and status post left shoulder rotator cuff tear and arthroscopy. The ALJ further found that these impairments did not meet or equal the Listings of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1, and thus plaintiff was not disabled and not entitled to benefits. (Tr. 21-29.)

Upon review, it is the court's view that the ALJ failed to give appropriate weight to the opinion of the (only) testifying treating physician, Dr. Paul Bill Lottes, M.D., who opined that office jobs would be hard for plaintiff, due to her need for frequent change in position, frequent restroom breaks, and difficulty typing and other jobs because of the severe pain in her hands that goes into her arms. (Tr. 671) Dr. Lottes completed a Physical Residual Functional Capacity Questionnaire, where he noted that plaintiff constantly experienced pain enough to interfere with even simple work tasks. (Tr. 676-78).

The ALJ rejected Dr. Lottes' limitations. In evaluating a treating physician's medical opinion, the ALJ must give it "controlling weight", unless it clearly is inconsistent with the other substantial evidence in the case record, in which case it is still entitled to special deference. 20 C.F.R.§404.1527(c)(2);

Reed v. Barnhart, 399 F.3d 917 (8th Cir. 2005); Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003).

Defendant admits that the treating physician's medical opinion was given little or no weight, but justifies that by asserting that his opinion was not supported by the rest of the record, giving four instances. The first is that Dr. Lottes' opinion is inconsistent with non-treating agency doctors. Where there treating physician's opinion differs from the non-treating agency's physician, and both are supported by medical evidence in the record, the treating physician's opinion will be given controlling weight. Reed v. Barnhart, supra.

The second is that Dr. Lottes' own treatment notes did not support his opinion, especially that the few records of diarrhea did not support Dr. Lottes' conclusion of incontinence. There was some medical evidence on both sides of this medical question. The ALJ engaged in unacceptable second-guessing of a treating physician on a medical question here. Tilley v. Astrue, 580 F.3d 675 (8th Cir. 2009).

The third reason is that little in Dr. Lottes' notes support his diagnosis of fibromyalgia under SSR-12-2p. There is by defendant's own admission some medical evidence in the record to support Dr. Lottes' diagnosis. To weigh the

3

conflicting medical evidence is a medical matter, for the treating physician, not the ALJ. *Ibid.*

Lastly, the ALJ points to the fact that Dr. Lottes advocated for Waddington to her landlord and others. This is just not enough, by itself or together with the previous three factors, to warrant complete disregard of a treating physician's medical opinion, uncontradicted by any other treating physician. <u>Shontos v. Barnhart</u>, supra.

It is therefore

ORDERED

Reversed and remanded for further proceedings in accordance herewith.

October 7, 2014

*[signature]*
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT